UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-477-FDW
(3:12-cr-188-FDW-DSC-2)

| | |
|---|---|
| ALAN BOYD DONTA BARNETT, ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) <br> _____ ) | **ORDER** |

**THIS MATTER** comes before Petitioner's Response to the Court's March 21, 2018, Order providing him with warnings pursuant to United States v. Castro, 540 U.S. 375 (2003), and granting him the opportunity to file a single superseding Amended Motion to Vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 5); see (Doc. No. 4).

Petitioner filed a *pro se* Rule 60(b)(4) Motion in the underlying criminal case that the Clerk of Court opened as a § 2255 Motion to Vacate the instant civil case. (Doc. No. 1); (3:12-cr-188, Doc. No. 1079). On January 9, 2018, Petitioner filed a § 2255 Motion to Vacate form and supporting memorandum which was docketed in the instant case as an "Amended Motion to Vacate," raising 12 claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. (Doc. No. 2). On February 21, 2018, Petitioner filed a "Motion Seeking Leave to Amend Pending § 2255 Motion to Vacate Sentence Pursuant to Rule 15(a) of Civil Procedure," in which he sought to add three claims of ineffective assistance of trial counsel. (Doc. No. 3).

On March 21, 2018, the Court issued an Order providing Petitioner Castro warnings and

1

asking him to explain whether or not he intended for the Rule 60(b) Motion to be construed a § 2255 Motion to Vacate. The Court also granted the Motion to Amend, (Doc. No. 4), insofar as Petitioner was granted leave to file a single superseding Amended Motion to Vacate.

Petitioner has filed a Response to the March 21 Order explaining that the Rule 60(b) Motion was not intended to be a § 2255 petition, and that the form § 2255 Motion to Vacate, (Doc. No. 2), is his § 2255 petition. He did not file a superseding Amended Motion to Vacate.

First, the Court will dispose of the Rule 60(b) Motion. (Doc. No. 1); (3:12-cr-188, Doc. No. 1079). In it, Petitioner argues that the indictment and judgment are void because the Court lacked subject-matter jurisdiction to prosecute, convict, and sentence him. These claims are duplicative of those Petitioner raised in his Motion to Remand, (3:12-cr-188, Doc. No. 1070), which the Court denied as frivolous in a text Order in the criminal case on June 1, 2017.[1] The Fourth Circuit affirmed, United States v. Barnett, 697 Fed. Appx. 153 (4th Cir. 2017), and the United States Supreme Court denied certiorari, Barnett v. United States, 138 S.Ct. 695 (2018), and denied rehearing, Barnett v. United States, 2018 WL 1460837 (March 26, 2018). The instant Rule 60(b) Motion raising the same arguments as the Motion to Remand is denied as frivolous. The Clerk is instructed to enter a copy of this Order on the criminal docket and terminate the Rule 60(b) Motion, (Doc. No. 1), (3:12-cr-188, Doc. No. 1079).

Second, the Court addresses Petitioner's failure to file an Amended § 2255 Motion to Vacate in accordance with the March 21 Order. Petitioner has filed a § 2255 Motion to Vacate raising 13 claims, (Doc. No. 2), and a Motion to Amend in which he attempts to raise three additional claims, (Doc. No. 3). This type of piecemeal filing will not be permitted. Petitioner will

---

[1] In his Response, Petitioner indicates his belief that the Rule 60(b) Motion was already denied. See (Doc. No. 5 at 1) ("The petitioner respectfully and humbly inform the Honorable Court that the 60(b)(4) motion challenging jurisdiction was not construed or characterized by the court as a § 2255 but was in fact denied as being frivolous.").

be granted one final opportunity to file a single succinct Amended § 2255 Motion to Vacate that presents all his claims for relief, subject to all timeliness and procedural requirements, within **20 days** of this Order. See generally 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back).

Although Petitioner is appearing *pro se*, he is reminded that he required to comply with all applicable rules including the Local Rules of the United States District Court for the Western District of North Carolina, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. See Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2); Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District Courts (the § 2255 motion to vacate must "substantially follow … the form appended to these rules."); see generally LCvR 1.7(d) (the page limit for any civil brief is 25-pages with a 12-point font size, double-spaced). The general rule is that "an amended pleading supersedes the original pleading, rendering the original pleading of no effect. Thus, if an amended [pleading] omits claims raised in the original [pleading], the [party] has waived those omitted claims." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). Petitioner must include the instant case number on the Amended Motion to Vacate so that it is filed in this case.

Petitioner shall have **20 days** in which to file a superseding Amended Motion to Vacate in accordance with this Order. If he fails to do so, the Court will proceed on the § 2255 Motion to

3

Vacate, (Doc. No. 2), without considering any subsequently filed claims.

**IT IS, THEREFORE, ORDERED** that:

1. The Rule 60(b) Motion, (Doc. No. 1); (3:12-cr-188, Doc. No. 1079), is **DENIED**.

2. Petitioner shall have **20 days** in which to file an Amended Motion to Vacate in accordance with this Order. If Petitioner fails to file an Amend Motion to Vacate within the time limit set by the Court, this action will proceed on § 2255 Motion to Vacate, (Doc. No. 2).

3. The Clerk is directed to mail Petitioner a new § 2255 Motion to Vacate form.

Signed: April 23, 2018

Frank D. Whitney
Chief United States District Judge